USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/21/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT BOTTONE,

Plaintiff,

-against-

DAVID ROCHE, SIVIN, MILLER & ROCHE LLP, ALEXIS EL SAYED, ART BAR, and ERICA HALVERSON,

Defendants.

1:22-cv-10349 (MKV)

**ORDER OF DISMISSAL WITH PREJUDICE**

MARY KAY VYSKOCIL, United States District Judge:

On February 28, 2024, the Court issued an Opinion and Order granting Defendants David Roche and Sivin, Miller & Roche LLP's unopposed motion to dismiss the *pro se* Plaintiff's Amended Complaint with prejudice. [ECF No. 20]. At the conclusion of that Opinion and Order, the Court acknowledged that the Amended Complaint renamed Defendants Alexis El Sayed, Art Bar, and Erica Halverson, who Plaintiff had previously dismissed from this action. [ECF No. 20; *see* ECF No. 7]. The Court noted that these Defendants had not been timely served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and ordered Plaintiff to serve the Defendants and to file proof of service on the docket no later than March 29, 2024, or otherwise show cause why service had not been made. [ECF No. 20]. Alternatively, the Court permitted Plaintiff to re-file a stipulation of voluntary dismissal against the remaining Defendants if Plaintiff did not intend to pursue his claims against them. Plaintiff failed to comply with the Court's Order and took no action to prosecute this case by March 29, 2024.

On May 22, 2024, the Court issued an Order to Show Cause ordering Plaintiff to serve Defendants El Sayed, Art Bar, and Halverson and to file proof of service on the docket, or to otherwise dismiss such Defendants from this case, or to show cause in writing why Plaintiff has

failed to comply with the Court's Orders and deadlines and failed to prosecute this case. [ECF No. 21]. The Court cautioned that if Plaintiff failed to comply with the Order, this case would be dismissed in its entirety for failure to prosecute pursuant to Rules 4 and 41 of the Federal Rules of Civil Procedure. [ECF No. 21]. To date, Plaintiff has not served or dismissed Defendants El Sayed, Art Bar, or Halverson, responded to the Court's Orders to Show Cause, or otherwise prosecuted this case.

Rule 41(b) of the Federal Rules of Civil Procedure provides, in part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Although the text of [Rule] 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).

In deciding whether to dismiss a case for failure to prosecute, district courts must consider whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). None of the five factors is dispositive. *Id.*

Considering the five factors, the Court concludes that *sua sponte* dismissal with prejudice is appropriate in this case. Plaintiff's failure to prosecute has caused a significant delay. Plaintiff has not taken any action in this case since he filed the Amended Complaint over one year ago, on April 21, 2023. [ECF No. 17]. Notably, Plaintiff did not oppose Defendants David Roche and

Sivin, Miller & Roche LLP's motion to dismiss. In addition, the Court twice warned Plaintiff that further delay would result in dismissal. [ECF Nos. 20, 21]. Despite these warnings, Plaintiff failed to take any action to prosecute this case.

The Court is mindful of Plaintiff's *pro se* status, but "a *pro se* plaintiff is not exempt from complying with court orders and must diligently prosecute his case." *Menu v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (citing *Yadav v. Brookhaven Nat'l Lab.*, 487 F. App'x 671, 672 (2d Cir. 2012) (summary order)). The Second Circuit has made clear that the sanction of dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) (per curiam) (collecting cases). Plaintiff's repeated failure to respond to Court Orders or to take any other action to prosecute this case for over one year warrants dismissal. *See, e.g.*, *Smith v. Dinoia*, No. 19-CV-4471 (KMK), 2020 WL 4041449, at *1–2 (S.D.N.Y. July 17, 2020) (dismissing for failure to prosecute where *pro se* plaintiff was unresponsive for months despite warnings that case could be dismissed); *Smith v. Westchester Cnty.*, No. 19-CV-1283 (KMK), 2020 WL 883332, at *1–2 (S.D.N.Y. Feb. 24, 2020) (same).

As to the other factors, the Court finds that the remaining Defendants in this case will be prejudiced by continued delay, particularly as it is unclear whether Plaintiff intended to name them in the Amended Complaint.[1] *See LeSane*, 239 F.3d at 210 ("prejudice to defendants resulting from unreasonable delay may be presumed" (internal quotation marks omitted)). In addition, the Court's interest in managing its docket efficiently outweighs Plaintiff's interest in keeping this

[1] Dismissal is further appropriate because Plaintiff has failed to timely serve Defendants El Sayed, Art Bar, and Halverson. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." (emphasis added)).

case open. "It is not an efficient use of the Court's . . . resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future." *Davison v. Grillo*, No. 05 CV 4960(NG)LB, 2006 WL 2228999, at *2 (E.D.N.Y. Aug. 3, 2006). Finally, the Court has considered lesser sanctions, but "there is nothing in the record to suggest that a sanction less serious than dismissal will resolve the plaintiff's failure to cooperate." *Singleton v. City of New York*, No. 14-cv-9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015); *see also Aberado v. City of New York*, No. 23-CV-4266 (ER), 2024 WL 2055345, at *2 (S.D.N.Y. May 7, 2024) ("Dismissal is appropriate where, as here, a plaintiff appears to have abandoned the litigation." (internal quotation marks omitted)).

Accordingly, it is HEREBY ORDERED that this action is DISMISSED WITH PREJUDICE. The Clerk of Court is requested to mail a copy of this Order to the *pro se* Plaintiff at the address of record and to close this case.

**SO ORDERED.**

**Date: June 21, 2024**
**New York, NY**

Mary Kay Vyskocil
**MARY KAY VYSKOCIL**
**United States District Judge**